IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MARIA DE LOS ANGELES ALBERT SAURI

Debtor

_____

JOSE ALBERTO DELGADO RODRIGUEZ

Plaintiff

V.

MARIA DE LOS ANGELES ALBERT SAURI

Defendant

CASE NO. 23-02809 (MCF)

CHAPTER 13

ADVERSARY CASE NO. 24-00013

## **OPINION AND ORDER**

The Debtor, Maria de Los Angeles Albert Suri (the "Defendant"), filed a motion to dismiss the instant adversary proceeding, which is opposed by the plaintiff, Jose Alberto Delgado Rodriguez (the "Plaintiff") (Docket Nos. 24 and 34). For the reasons stated herein, the motion to dismiss is denied.

In the complaint, the Plaintiff seeks a determination that the Defendant's debt[1] is non-dischargeable, pursuant 11 U.S.C. § 523(a)(2). The Plaintiff asserts that the Defendant's debt was obtained by means of fraud through a malicious scheme or plan to deceive and defraud the Plaintiff with actual intent to never repay him as required by their contractual terms. The Plaintiff

---

[1] In relation to this debt, the Plaintiff filed a claim in the amount of $322,027.00 in the bankruptcy case (Claim No. 2-2, Case #23-02809). Besides this claim, there is only one other claim in the amount of $3,340.15 (Claim No. 1).

-1-

alleges that he extended the Defendant a personal loan to buy an apartment and she violated their agreement because she executed a homestead protection deed (Hogar Seguro) after signing a personal note that barred her from doing so.

The Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) asserting that the right to the homestead protection is unwaivable and any act to the contrary shall be declared null and void as per Article 4 of the Puerto Rico Homestead Act of 2011, as amended, 31 L.P.R.A. § 1858a.  Consequently, it is the Defendant's position that the Plaintiff has grossly failed to establish a plausible claim under Section 523(a)(2)(A) of the Bankruptcy Code.

## I.    GOVERNING LAW AND ANALYSIS

A Rule 12(b)(6)[2] motion must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2),[3] which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter." Surita Acosta v. Reparto Saman Inc., 464 B.R. 86, 90 (Bankr. D.P.R. 2012). Therefore, to survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, supra., at 679.

---

[2] Civil Rule 12 is applicable to adversary proceedings through Fed. R. Bankr. P. 7012(b).
[3] Civil Rule 8 is applicable to adversary proceedings through Fed. R. Bankr. P. 7008.

Section 523(a)(2)(A) provides that debts obtained by false pretenses, a false representation, or actual fraud are nondischargeable in bankruptcy. <u>Vechioli-Cruz v. Santos-Onoda</u>, 2024 U.S. Dist. LEXIS 67090, 2024 WL 1477713, at 20.   A "straightforward reading of § 523(a)(2)(A) is that it prevents discharge of 'any debt' respecting 'money, property, services, or. . .credit' that the debtor has fraudulently obtained." <u>Vechioli-Cruz</u>, 2024 U.S. Dist. LEXIS 67090 at 20.

## II.     APPLICATION OF THE LAW

Upon review of the complaint in the present case, this court finds that the same contains sufficient factual allegations that accepted as true state a claim to relief that is plausible on its face.   Taken as a whole, the amended complaint alleges sufficient facts to support Plaintiff's theory that the Defendant had a plan to defraud him for a nondischargeability action under Section 523(a)(2)(A). The amended complaint makes the following averments:

1) The defendant was married until July 2013 to Mr. Luis Delgado Rodriguez, an attorney, who was one of the Plaintiff's older brothers;
2) In July 2013, the Defendant's husband passed away while under medical care at the hospital where the Plaintiff worked;
3) Soon after the Defendant's husband's death, the Plaintiff learned that the Defendant in conjunction with other family members had filed a wrongful death claim against the medical providers.
4) The Plaintiff was not a party to the Defendant's wrongful death claim but he was aware of the action and of its potential for a favorable resolution in favor of those plaintiffs; therein, and he was also brought in as a witness for the defendants in that action.
5) Between July 2013 and December 2013, the Defendant approached the Plaintiff several times seeking assistance in the form of a loan to buy an apartment;
6) On December 5, 2013, the parties (Plaintiff and Defendant) signed a credit contract contained in a promissory note for the sum of $322,027.02;
7) The loan was interest free and was due in full 24 months after the loan date, or on December 5, 2015;
8) The loan expressly required the Defendant not to claim the homestead protection under the P.R. Homestead Act over the apartment;

9) The loan expressly provided that in the event of default, the Plaintiff could collect by any means at his disposal including by foreclosing on the apartment and selling it to collect his claim;[4]

10) Based on the close familial relationship between the Parties, the Plaintiff fully trusted the Defendant and did not doubt her motives in both wanting to purchase the apartment and in offering the apartment as security for the loan;

11) On December 6, 2013, just one day after signing the notarized instrument containing the loan contract, in addition to the deed of purchase, the Defendant also executed a deed of homestead protection under Puerto Rico law to be taken over the apartment;

12) After the loan's maturity date expired on December 5, 2015, the Plaintiff began his efforts and communications with the Defendant concerning payment of the loan;

13) Aside from reiterating the value of the Apartment securing the note, the Defendant promised and represented that she would pay the debt from the proceeds she expected from the wrongful death action that she had filed;

14) Around March 2018, the Defendant settled the wrongful death suits she had filed in state and federal courts against certain medical entities for the death of her husband.

15) After collecting the wrongful death proceeds in April 2018, the Defendant did not offer a single dollar in payment of her debt to the Plaintiff;

16) On April 26, 2018, with knowledge of Plaintiff's expectation of payment, the Defendant and her son, Mr. Antonio Luis Delgado Albert, (the "son") entered into a notarized deed of donation and transfer of the apartment from Defendant to her son;

17) The transfer deed from the Defendant to her son was for zero consideration; meaning that the Defendant received nothing for the value of the Apartment transferred to her son;

18) The transfer deed to the apartment freely granted to the Defendant's son marked the consummation of the Defendant's scheme and plan to defraud the Plaintiff of the money loaned to her;

19) ….. [B]ased on the calculated, affirmative and purposeful steps taken by the Defendant to violate the loan agreement and deplete her estate, it is clear that the Defendant never intended to pay her debt to the Plaintiff.

These allegations meet the threshold for establishing a claim of nondischargeability. The case

will proceed to allow the Plaintiff to prove his contentions against the Defendant.

The court is not entertaining at this time the issue of whether the contractual clause

---

[4] Defendant objected the secured classification of Plaintiff's claim number 2 in Case #23-02809. (Docket No. 66, Case #23-02809). The objection was granted by this court on July 30, 2024, and the claim was allowed as unsecured. (Docket No. 88, Case #23-02809).

-4-

requiring the Defendant to waive the homestead protection under the Puerto Rico Homestead Act of 2011 is null and void ab initio or not because the controversy is under the consideration of the Commonwealth Court in a case that is in an advanced stage.[5] However, the Plaintiff's factual allegations of all Defendant's actions since the origination of the debt, if taken as true, may support the Plaintiff's allegation that the Defendant never intended to pay the loan to the Plaintiff; not even at the moment of the origination of the same. At this stage of the proceedings, the Plaintiff's factual allegations, accepted as true, state a claim to relief that is plausible on its face and consequently this amended complaint is not dismissed.

WHEREFORE, IT IS ORDERED that Defendant's motion to dismiss is denied (Docket No. 24). The Defendant is ordered to answer the complaint on or before September 30, 2024. The Initial Scheduling Conference is rescheduled for November 13, 2024, at 9:00 A.M., at the United States Bankruptcy Court, Jose V. Toledo Federal Building and US Courthouse, 300 Recinto Sur Street, Courtroom 1, Second Floor, San Juan, Puerto Rico.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of August, 2024.

*Mildred Cabán*

MILDRED CABAN FLORES
United States Bankruptcy Judge

---

[5] Upon the filing of the bankruptcy case on September 6, 2023, the procedures in case SJ2018CV10372 at the Court of First Instance, in Carolina, Puerto Rico, which had a trial on the merits scheduled for September 12, 2023, through September 14, 2023, were stayed (Docket No. 12, Case #23-02809). The Defendant filed a motion for continuance of the stay and the same was denied on October 3, 2023. (Docket Nos. 7 and 30, Case #23-02809). Currently there is no automatic stay protection in this case. On September 13, 2023, the Defendant filed a motion for relief from codebtor stay, pursuant to 11 U.S.C. § 1301(c) and the same was granted by this court (Dockets Nos. 21 and 41, Case #23-2809). The court issued the following order on March 20, 2024: "The protection of the automatic stay is not in place for the Debtor, Maria de los Angeles Albert Sauri, as per the court's ruling (Docket No. 30). Furthermore, the relief from the automatic stay in favor of co-debtor, Antonio L. Delgado Albert is granted (Docket Nos. 21 and 41). Consequently, there is no protection of the automatic stay for the co-debtor. The litigation in local court against the Debtor, Maria de los Angeles Albert Sauri Angeles and co-debtor, Antonio L. Delgado Albert, may continue." (Dockets Nos. 61 and 70, Case #23-2809).

-5-